O'KEEFE et al. v. STAPLES COAL CO.

(District Court, D. Massachusetts. December 1, 1910.)

No. 261.

1. ADMIRALTY (§ 50*)—PROCEDURE—BRINGING IN NEW PARTIES—SUIT FOR INJURY TO VESSEL BY STRIKING BRIDGE.

A suit to recover for injury to a vessel by collision with a drawbridge is within the admiralty jurisdiction, and is a suit for "damage by collision," within the meaning of admiralty rule 59 (29 Sup. Ct. xlvi); and under such rule a county, which was the owner of the bridge, may be brought in by petition of the respondent or claimant, alleging fault or negligence in its construction or operation, and it is immaterial that the libel makes no such allegations.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 414–429; Dec. Dig. § 50.*

For other definitions, see Words and Phrases, vol. 2, pp. 1258, 1259.]

2. ADMIRALTY (§ 19*)—MARITIME TORT—COUNTIES—EFFECT OF STATE STATUTE.

A county may be held liable in admiralty for a maritime tort, brought about by the negligence of its employés in the operation of a drawbridge, although they were in the performance of a public duty, and under the law of the state the county is exempted from liability in such case; the general maritime law which creates such liability being paramount, and not controlled in an admiralty court by any rule of local law.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 233, 234; Dec. Dig. § 19.*]

In Admiralty. Suit by John S. O'Keefe and others against the Staples Coal Company. On exceptions of County of Bristol to the libel and to petition filed by respondent under admiralty rule 59. Exceptions overruled.

See, also, 201 Fed. 135, 144.

D. Gardner O'Keefe, of Taunton, Mass., and Fitz Henry Smith, Jr., of Boston, Mass., for libelants.

Richard P. Borden, of Fall River, Mass., for Staples Coal Co.

Frederick S. Hall, of Taunton, Mass., and Albert P. Worthen, of Boston, Mass., for County of Bristol and county commissioners.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DODGE, District Judge. The libelants seek to recover damages for injuries to their schooner Sarah L. Thompson. caused by alleged negligence on the part of the respondent's tug Cohannet in towing the schooner. The negligence complained of is in bringing the schooner into collision with the "new county bridge, which spans the Taunton river at Fall River."

The respondent has filed a petition in the case, which alleges that the owners of the bridge referred to (otherwise called "Brightman Street bridge"), are wholly responsible for the collision and ought to be sued for the resulting damages. Allegations follow of due care on the respondent's part in performing the towage service, and of negligent failure on the part of those in charge of the draw in said bridge to open it promptly in response to the tug's signals, or to give any signal or warning that the draw would not be so opened. It is further alleged that the county of Bristol, acting by its commissioners, was in control of the bridge under certain Massachusetts statutes referred to, and operated the draw through its or their servants, agents, or employés. The petition asks for process under admiralty rule 59 (29 Sup. Ct. xlvi) against the county, against certain persons named, as they were commissioners when the county first assumed control of the bridge, and against certain persons named as they were county commissioners in control thereof at the time of the collision. It asks also that said county and said persons may be made parties to the suit, and may be summoned to appear and answer in accordance with the rule.

A summons, issued according to the prayer of this petition, has been duly served upon the county and upon the persons named as county commissioners. Exceptions have been filed by the county to the libel upon the following grounds:

"1. Because there are no allegations in the libel against or concerning the county.

"2. Because the allegations contained in the libel are not sufficient in law to constitute a cause of action against the county.

"3. Because the libel does not allege or specify what acts or neglects of the county the libelants rely upon as constituting the cause of action."

The county has also filed exceptions, similar to those numbered 2 and 3 above, to the petition of the respondent.

The persons summoned as county commissioners at the time the county assumed control of the bridge are John I. Bryant, Frank M. Chase, and William R. Black. The persons summoned as commissioners at the time of the collision are John I. Bryant, Frank M. Chase, and Richard E. Warner. Exceptions to the libel have been filed on behalf of all of the above upon grounds similar to those set up in the exceptions filed by the county to the libel. Exceptions to the petition have also been filed on behalf of all of said persons upon grounds similar to those numbered 2 and 3 in the exceptions filed by the county to the libel. Upon all the above exceptions there has now been a hearing.

[1] The exception numbered 2 in the exceptions to the libel and 1 in the exceptions to the petition is the only exception which need

be discussed. If either the libel or the petition alleges a sufficient cause of action in admiralty against these respondents, the petition is sufficiently specific as to their acts or neglects which are relied on. The acts and neglects relied on are, those of whoever may have been responsible at the time for the proper operation of the draw. That the libel does not charge either the county or the commissioners with the responsibility for the management of the draw or for the collision, and does not name or refer to them, or either of them, and does not, indeed, ascribe the collision to any negligence whatever in the operation of the draw, cannot excuse them from answering it, now that the petition has been filed. In the petition are found allegations, such as rule 59 describes, of fault or negligence on the part of those in charge of the draw, contributing to the collision for which the libel claims damages. In the petition are also found allegations that the county or the commissioners were charged with the duty of properly operating the draw. They have been duly summoned under the rule, and the suit is now required to proceed as if they had been originally made defendants in the libel. They are to answer the libel, as the rule requires, as if it had originally contained the charges now made against them in the petition. By answering the petition, as well as the libel, as they have done (though without waiving their exceptions), it would seem that they have fully complied with the rule. The other libelants, as "the other parties in the suit," have answered the petition, and the pleadings required by the rule are thus complete.

No "fault or negligence in any other vessel," contributing to the collision, is alleged in the petition, and in this respect (though no such objection is raised by the exceptions) the case is not brought within the terms of the rule. But the rule is to apply in all suits for damage by collision, and this is none the less such a suit because the collision was with a drawbridge, and not with another vessel. Suits for damage done to vessels on navigable waters, by permanent structures in or over such waters, are of admiralty jurisdiction. Atlee v. Union Packet Co., 21 Wall. 389, 22 L. Ed. 619. Such suits occur not infrequently in admiralty courts, and it has been usual to call them suits for collision, whether or not, strictly speaking, they ought to be so described. See Marsden, Collisions at Sea (5th Ed.) 75, 76; Spencer, Collisions at Sea, § 169, p. 310. And the principle upon which the rule is based may be and is applied in other than collision cases by analogy. Dailey v. New York (D. C.) 119 Fed. 1005; The Barnstable, 181 U. S. 464, 466, 467, 21 Sup. Ct. 684, 45 L. Ed. 954. If the county or the commissioners are chargeable, as alleged, with negligence contributing to the collision, the original respondent has the right to bring them into the case as parties defendant.

[2] Do the allegations of the libel and of the petition, taken together, state a cause of action upon which recovery can be had in this court against the county?

The only reason urged for holding that they do not is that by the law of Massachusetts a municipal corporation or similar body, charged with a public duty imposed by statute, is not liable for the negligence

of its agents or servants engaged in the actual performance of that duty. Hill v. Boston, 122 Mass. 344, 23 Am. Rep. 332; French v. Boston, 129 Mass. 592, 37 Am. Rep. 393; and later Massachusetts cases to the same effect are relied on.

But in Workman v. New York, 179 U. S. 552, 21 Sup. Ct. 212, 45 L. Ed. 314, a suit in admiralty against a city for a collision brought about by negligence of its employés in charge of a city fireboat while responding to an alarm of fire, the Supreme Court held that because the city was amenable to the process of the admiralty court, as having "a general capacity to stand in judgment," it was liable like any other defendant for a maritime tort, and not exempted from liability because of the public nature of the service it was performing through its employés in charge of the fireboat. That under the law of the state of New York, within which the collision occurred, the city would have been so exempted from liability, was held to afford no defense in admiralty to a liability imposed by the general maritime law. That law, it was held, is uniform and paramount, it recognizes no exception in favor of a municipal corporation to the general rule of liability, and it is not controlled, in a court administering it, by any rule of local law to the contrary.

This decision is conclusive against the excepting parties on the present question. The county, as is not disputed, is a body amenable to the process of this court and having a general capacity to stand in judgment. The injury to the schooner, if due to negligence in the management of the draw, was a maritime tort cognizable in admiralty, because she was in navigable waters at the time. The responsibility for the maritime tort thus committed was upon the county by the maritime law, if the operation of the draw was at the time controlled by the county. No exemption from liability for such negligence to which it may be entitled under the local law affords it a defense in an admiralty suit before this court.

The same result was reached, some years before the decision in Workman v. New York, in this district, on appeal from this court. City of Boston v. Crowley (C. C.) 38 Fed. 202 (1889). Decisions to the same effect were made by the District Court in Connecticut in Greenwood v. Westport, 60 Fed. 560, and Van Etten v. Same, 60 Fed. 579 (1894). The maritime tort complained of in each of these cases was, as here, injury to a vessel on navigable waters, by negligent operation of a drawbridge. In each of them the city or town claimed exemption from liability under a state statute. These decisions are criticised in the dissenting opinion in Workman v. New York. See 179 U. S. 589, 590, 21 Sup. Ct. 212, 45 L. Ed. 314. But they are fully in accord with the prevailing opinion in that case.

The draw in a bridge like this, which crosses and therefore obstructs navigable waters, may be regarded in two aspects. It is part of a means of public travel across the river, provided and maintained under state authority. The liability of the public body immediately in control of it to a person injured by negligence in its operation while making this use of it depends upon the law of the state, whether asserted in the state or the federal courts. But it is also part of an obstruction to

navigation, used for the purpose of preventing the bridge from becoming such an obstruction as the national authority, supreme where navigable waters are concerned, forbids. So far as due care in its operation is necessary for this purpose, the liability of the public body in control, for negligent operation, to persons navigating the river and attempting to use the draw as the appointed means of a safe passage from the navigable waters on one side to those on the other, is properly a question of national concern, which must be treated, in a court administering the general maritime law of the United States, as a question depending upon that law alone.

The petitioner, relying expressly on an act of Congress passed March 23, 1906 (34 Stat. 84, c. 1130 [U. S. Comp. St. Supp. 1911, p. 1555]), has alleged a negligent failure to open this draw, upon reasonable signal, for the passage of its tug and the libelants' schooner, resulting in damage to the schooner through collision with the bridge. It has also alleged a negligent failure to warn the vessels referred to that the draw was not to be opened, as they had the right to expect. By way of further specification, it has alleged that the persons employed to open the draw when required were asleep. Personal or individual negligence is not charged against any of the persons summoned as county commissioners, and no such charge could be made against the county. Under such allegations it would seem clear that only under the rule of respondeat superior, if at all, can either the county or the commissioners be held liable. If negligence on the part of the drawtenders is established, and the fact that they were the county's employés at the time, it would appear to be unnecessary to inquire whether they can be regarded also as employés of the commissioners. Employment by the commissioners would make them employés of the county. No reason at present appears for supposing that Mr. Black, not a commissioner at the time, can in any event be held for the negligence alleged. But the present hearing was limited to the validity of the exceptions filed by the county. There may, if required, be a further hearing on the question whether any case maintainable against the commissioners, independently of the county, has been stated.

The exceptions, whether to the libel or petition, are all overruled so far as concerns the county or the commissioners merely as its representatives.