against any other reservation they had a right to protest as they did here, both to their Congressional representative and in this suit.

It would be unthinkable to require them to live upon property for several years in accordance with directives issued by a bureau representative, and then to move off, if such representative did not follow the instructions of the Congress with reference to the execution of a deed, and, thereby cause them to lose their labors and efforts for a slice of such time proportion.

The entire project is a child of the depression and was for relief and rehabilitation purposes.

The appeal to the equity power of the court to remove this cloud, must be granted, and an appropriate decree will be prepared, saving such exceptions as the defendant may desire.

NEVIN, District Judge.

This day this cause came on to be heard on the motion to dismiss heretofore, to-wit, on May 13, 1947, filed by and on behalf of defendant, The United States of America.

In its motion, defendant moves the court to dismiss this action "on the grounds (among others) that the Federal Tort Claims Act [28 U.S.C.A. § 921 et seq.] does not authorize the maintenance of suits upon Derivative Claims."

Upon consideration of the motion and the briefs and arguments of counsel in support of and contra the motion, and upon the ground above set forth in said motion contained, the court finds that the motion is well taken and that it should be sustained.

It is, therefore, by the Court ordered, adjudged and decreed that the motion to dismiss above referred to, filed on behalf of the defendant be, and hereby it is, sustained, and this action is dismissed at plaintiff's costs.

To all of which findings, rulings, orders and decrees of the Court, plaintiff excepts.

## OLD COLONY INS. CO. v. UNITED STATES.

Civil Action No. 792.

District Court, S. D. Ohio, W. D.

June 17, 1947.

Pickrel, Schaeffer & Ebeling, of Dayton, Ohio, for plaintiff.

Ray J. O'Donnell, U. S. Dist. Atty., of Dayton, Ohio, for defendant.

## In re AMERICAN COILS CO.

No. 6886.

District Court, D. New Jersey.

Nov. 21, 1947.

