## BEWICK v. UNITED STATES.

### Civil Action No. 195.

District Court, N. D. Texas,
San Angelo Division.

Oct. 22, 1947.

W. C. Gowan, of Dallas, Tex., for plaintiff.

Frank B. Potter, U. S. Atty., of Fort Worth, Tex., and Oscar M. Harrell, Asst. U. S. Atty., of Dallas, Tex., for defendant.

ATWELL, District Judge.

Lloyds Insurance Company of London, alleging that it is a subrogee of C. S. Bewick, brings this suit under the Federal Tort Claims Act passed in 1946.

A motion to dismiss is made upon the ground that

(a) A subrogee is not authorized to sue under that Act;

(b) A subrogation is substantially the same as an assignment which is not permitted under the Act;

(c) A claim having been filed by the alleged subrogee before the war Department, and the same not having been withdrawn, as provided in that Act, forecloses the right to enter under the Act;

(d) Rule 17 of Civil Procedure, 28 U.S. C.A. following section 723c, provides that the real party in interest must bring the suit.

The Tort Claims Act, Title 28 U.S.C.A. §. 921 et seq., gives the right of the citizen to sue the sovereignty under certain conditions.

At argument of this motion, it appeared that the suit was not brought by Bewick, but by the Lloyds of London as the writer of a policy on an automobile owned by Bewick which was damaged by an officer of the United States Army, in such a manner as to cause the Lloyds to settle with Bewick for that damage. Thereupon the Lloyds instituted this suit. It first filed a claim with the War Department, after a consideration of which an officer of that Department advised Lloyds that it did not have jurisdiction because it was for more than $1,000. There was no withdrawal of the claim as is provided.

It were trite to say that a sovereign may not be sued unless it consents, and the legislation showing its consent is to be strictly interpreted. The Tort Act is for the benefit of the citizen and is so restricted. Assignment is not permitted, and subrogation is of the same nature. As to strict interpretation, such well-known authorities as Schillinger v. United States, 155 U.S. 163, 15 S.Ct. 85, 39 L.Ed. 108; Price v. United States, 174 U.S. 373, 19 S.Ct. 765, 43 L.Ed. 1011; United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598; United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; may be cited.

In Old Colony v. United States, D.C., 74 F.Supp. 723, from the Southern District of Ohio, which was a suit for property

·damage, due to an automobile collision, it was dismissed because the Tort Act did not authorize the maintenance of a suit upon a derivative claim. To the same effect, Rusconi v. United States, 74 F.Supp. 669, in the United States District Court for the Southern District of California, Judge Mathes denied an application to intervene, and in the United States District Court for the Eastern District of Michigan, in McCasey v. United States,[1] Judge Koscinski denied the insurance company as a subrogee to maintain an action under the Tort Act.

I think that those nisi prius judges correctly ruled.

I sustain the Motion to Dismiss.

---

[1] No opinion for publication.