WOJCIUK et al. v. UNITED STATES et al.

Civil Action No. 4440.

District Court, E. D. Wisconsin.

Dec. 3, 1947.

Kivett & Kasdorf, of Milwaukee, Wis., for plaintiffs.

Timothy Cronin, U. S. Atty., and Howard Hilgendorf, Asst. U. S. Atty., both of Milwaukee, Wis., for defendant United States.

No appearance for defendant De Lay.

DUFFY, District Judge.

Plaintiff Wojciuk is the owner of a 1946 Pontiac automobile which was damaged in the city of Milwaukee by a United States Army truck driven by defendant De Lay. Plaintiff Casualty Company had issued a policy of collision insurance to Wojciuk. The total bill for repairs to the automobile was $473.43. Pursuant to the terms of the insurance policy the casualty company paid Wojciuk the amount of the repair bill less $50, and became subrogated to plaintiff Wojciuk's rights to that extent. Plaintiff Wojciuk suffered additional damages amounting to $25. In the first cause of action plaintiff Wojciuk demands judgment for $498.43; in the second cause of action, stated in the alternative, plaintiff Casualty Company asks judgment for $423.43 and plaintiff Wojciuk for $75. The action is brought under the Federal Tort Claims Act, 60 Stat. 843. 28 U.S.C.A. § 931 et seq.

Defendant United States of America has moved to dismiss the complaint of The Shelby Mutual Casualty Company on the ground that the Federal Tort Claims Act does not authorize a suit by a subrogee or an assignee, and on the further ground that the anti-assignment statute, 35 Stat. 411, 31 U.S.C.A. § 203, declares void any assignment of claims against the United States.

The government contends that the United States has consented to be sued only by the person who originally suffered the loss. Three district courts have apparently sustained the government's viewpoint. Old Colony Ins. Co. v. United States, D.C. S.D., Ohio, 74 F.Supp. 723; Rusconi v. United States, D.C.S.D.Cal., 74 F.Supp. 669; McCasey and Michigan Fire and Marine Ins. Co. v. United States, D.C.E.D. Mich.[1] However, the government's contention was rejected by the District Court of Maryland in Grace et al. v. United States.[1]

As applicable, the Federal Tort Claims Act provides, 28 U.S.C.A. § 931(a): "* * * the United States district courts * * * shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only * * * on account of damage to or loss of property or on account of personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government * * * under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred. Subject to the provisions of this chapter, the United States shall be liable in respect of such claims to the same claimants, in the same manner, and to the same extent as a private individual under like circumstances, except * * *."

I can find nothing in the act to justify the contention of the government that a "claimant," as used in the statute, should be limited by construction to those originally sustaining the damages. The words used are "to hear, determine, and render judgment *on any claim* against the United States, for money only * * * under

[1] No opinion for publication.

circumstances where the United States, if a private person, would be liable to the claimant for such damage, * * * in accordance with the law of the place where the act or omission occurred." Under Wisconsin law the plaintiff Casualty Company would be a proper party plaintiff, having been subrogated to the rights of the plaintiff Wojciuk to the extent of $423.43.

Furthermore, the history of the tort claims legislation strongly indicates there is no proper basis for the narrow construction urged by the government. Congress was greatly burdened by the large number of claims, based upon alleged negligence by employees of the federal government, presented at every Congresssional session. Senators and Representatives were forced to spend on these multitudinous claims an amount of time disproportionate to their relative importance. When the Legislative Reorganization Act of 1946, 60 Stat. 812, was passed, Title IV thereof was the Federal Tort Claims Act. Members of Congress undoubtedly sighed in relief over the shift of the burden of determining the merits of such negligence claims to the federal courts. It would be a strained and unwarranted interpretation of the intention of Congress to say it planned to give the district courts jurisdiction of cases brought by claimants originally suffering loss, but to reserve to itself the consideration of the claims of those standing in the shoes of original claimants by operation of law.

Congress exercised great care in designating twelve different categories of claims which the Federal Tort Claims Act was not intended to cover. The claims here in question were not included in any such classification. The familiar maxim of interpretation, expressio unius est exclusio alterius, may be invoked. It is my opinion that plaintiff Casualty Company, as a subrogee of Wojciuk, is a proper claimant under the act.

■ The government argues further that the casualty company, although admittedly a subrogee, should be held to be an assignee, and seeks to invoke the limitations provided in the Anti-Assignment Act. This statute provides that an assignment of a claim against the United States shall be null and void unless freely made and executed in the presence of at least two attesting witnesses after the allowance of the claim and the ascertainment of the amount due and the issuing of a warrant for the payment thereof.

The difference between "subrogation" and "assignment" is well established. Meyers v. Bank of America Nat. Trust & Savings Ass'n., 11 Cal.2d 92, 77 P.2d 1084, 1085; Ierardi v. Farmers' Trust Co. of Newark, 4 W.W.Harr., Del., 246, 151 A. 822, 825; Gatewood v. Gatewood, 75 Va. 407, 411. Subrogation means substitution, not assignment or transfer. Reconstruction Finance Corporation v. Teter, 7 Cir., 117 F. 2d 716, 729. Subrogation differs from assignment or transfer since it is an act of the law, and a creature of equity depending not upon contract but upon principles of equity and justice.

■ I am of the opinion that the anti-assignment statute applies only to voluntary assignments of demands against the government. It was not intended to embrace subrogation and other cases where a transfer of title has occurred by operation of the law. National Bank of Commerce v. Downie, 218 U.S. 345, 31 S.Ct. 89, 54 L.Ed. 1065, 20 Ann.Cas. 1116.

The motion of the defendant United States to dismiss will be denied.