## STATE ROAD DEPARTMENT OF STATE OF FLORIDA v. UNITED STATES.

Civ. A. No. 278.

District Court, N. D. Florida, Pensacola Division.

April 15, 1948.

---

Calvin Johnson and Fowler, White, Gillen, Yancey & Humkey, all of Tampa, Fla., and J. McHenry Jones, of Pensacola, Fla., for plaintiff.

George Earl Hoffman, U. S. Atty., of Pensacola, Fla., for defendant.

DE VANE, District Judge.

Memorandum of Court's Ruling upon Motion to Strike Part of Plaintiff's Defenses to Defendant's Counterclaim.

Defendant has moved the court to strike the following portions of plaintiff's defenses to the counterclaim:

1. Paragraphs 1 and 2 of the First Defense.

2. Paragraphs 1 and 2 of the Second Defense.

3. Plaintiff's Third Defense.

4. Plaintiff's Fourth Defense.

5. The following clause in Plaintiff's Fifth Defense—"denies it has consented to the adjudication of the counterclaim."

When this phase of this litigation was before the court on plaintiff's motion to strike defendant's counterclaim on jurisdictional grounds the court ruled that defendant had the right to maintain its counterclaim in this action. Paragraphs 1 and 2 of the First Defense presents the same question and in conformity with the court's earlier ruling, the motion to strike these paragraphs of the First Defense will be granted.

Paragraphs 1 and 2 of the Second Defense alleges that plaintiff is engaged in carrying on governmental functions for the sovereign State of Florida and, therefore, is not liable for the alleged negligence of its employees in the performance of such functions. The act of negligence with which plaintiff is charged in the counterclaim is the negligent maintenance and operation of a drawbridge over the St. Johns River in Duval County, Florida. Although the counterclaim is asserted in an action at law, the right of defendant to recover is controlled entirely by Admiralty law. The Federal courts have held that immunity of States and subdivisions thereof from liability in tort actions does not extend to Admiralty cases. Workman v. Mayor, etc. of New York, 179 U.S. 552, 21 S.Ct. 212, 45 L.Ed. 314; O'Keefe et al. v. Staples Coal Company, D.C., 201 F. 131 and Multnomah County v. Hammond Lumber Co., 9 Cir., 80 F.2d 303. Counsel

for plaintiff argued at great length that this legal principle of Admiralty law cannot be invoked in a law case—that it is only available in Admiralty cases. This simple statement of the contentions of counsel for plaintiff appears to the court to be sufficient to demonstrate its error. Defendant's right to recover on its counterclaim in this case is controlled entirely by Admiralty law and the contention that parties plaintiff and defendant are not entitled to the benefit and protection given them under Admiralty law is untenable. The issues raised by the pleadings in this counterclaim will be tried and determined as though this case was in fact pending in Admiralty. The motion to strike paragraphs 1 and 2 of the Second Defense will be granted.

The Third Defense alleges that the bridge was constructed under and in accordance with a permit issued by the War Department. The motion to strike this defense is unimportant. The bridge, of course, could not have been constructed except with the approval of the War Department. The issue is whether plaintiff was negligent in the maintenance and operation of the bridge, which contributed proximately to the damage to the vessel owned by defendant. The motion to strike the Third Defense will be denied.

The Fourth Defense is a plea of contributory negligence. The motion to strike this Defense will also be denied.

The clause in the Fifth Defense, sought to be stricken, is plaintiff's denial by way of a legal conclusion, of defendant's allegation by way of a legal conclusion, that plaintiff had consented to the adjudication of the counterclaim. It is not objectionable due to the legal conclusion stated in the counterclaim. The court has already sustained defendant's right to file the counterclaim and this allegation and denial will not be an issue in the trial of the case. As the motion to strike does not also reach the legal conclusion in the counterclaim it will also be denied.

An Appropriation Order in conformity with this Memorandum will be entered in the case.

Memorandum Decision on Certain Points
Raised in Motion of Plaintiff to Strike
Parts of Answer of Defendant.

This is a suit brought by the State Road Department of Florida against the United States of America, under the Federal Tort Claims Act, 60 Stat. 843, 28 U.S.C.A. § 921 et seq., to recover damages to the Pensacola Bay bridge, caused by certain vessels owned by the War Shipping Administration.

Plaintiff has filed a Motion to Strike portions of the Seventh, Eighth, Ninth, and Tenth defenses, which are not of sufficient importance to require the court to state its reason for its ruling upon these grounds of the motion. The legal questions raised by the motion to strike the Eleventh, Twelfth, Thirteenth, Fourteenth and Fifteenth Defenses, however, do call for a statement by the court of the reasons for its rulings.

■ The Eleventh Defense raises the question as to the right of plaintiff to recover the cost of constructing and removing temporary wooden detour bridges constructed for the purpose of keeping the State highway open to traffic while the permanent structure was being repaired. Counsel for plaintiff and defendant each cited numerous cases in support of their side of this legal issue. The court has reviewed many of these cases and is of the opinion that the sound law not only should be but is with the plaintiff. The State highway of which the Pensacola Bay bridge is a part is one of the important Federal Aid highways into and across the State of Florida and to hold that the cost of constructing and removing the temporary wooden detour bridges, constructed for the purpose of keeping this highway open to traffic while the permanent structure was being repaired, is not a necessary part of the over-all construction costs of the repairs, would be to blindly ignore the importance of present day use of arterial highways. Such a holding in this day would be just as outmoded as for the court to hold that the Federal Government cannot provide Federal Aid for the construction of arterial highways. The motion to strike this Defense will be granted.

■ The Twelfth Defense alleges that under the contract between plaintiff and Escambia County plaintiff was required to keep the bridge insured and that it did insure the bridge for $1,520,000.00 with Aetna Insurance Company of Hartford, Connecticut; that said Insurance Company, in discharge of its obligation under said insurance, executed a draft for $215,000.00 in favor of plaintiff and the Board of County Commissioners of Escambia County, Florida, which draft was endorsed over to plaintiff; that under the law of Florida the Insurance Company became subrogated to the claim of the insured to the extent of said $215,000.00 and that any action to recover said sum "must be brought by the Insurance Company in the name of the insured, for the use and benefit of" said Insurance Company; that plaintiff did not allege that the sum of $215,000.00 "is for the use and benefit of" said Insurance Company and that plaintiff cannot recover said amount in the absence of such allegation. Under interrogatories propounded prior to the filing of the Answer herein, plaintiff admitted under oath that it had received the sum of $215,000.00 from Aetna Insurance Company of Hartford, Connecticut and there is no question as to the payment of said sum to plaintiff.

Rule 17 (a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provided that "a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought". Sections 320.54 (6) and 341.24, F.S.A. authorize the State Road Department to sue for the recovery of damages to a State highway by reason of the wrongful act of another. The court holds that under these sections of the Florida law and Rule 17 (a), Federal Rules of Civil Procedure, the Twelfth Defense should be and it will be stricken.

■ The Thirteenth Defense alleges that the Federal Tort Claims Act does not make defendant liable to subrogees of claimants in tort and, therefore, it is not liable for the payment of the sum of $215,000.00 for which the Insurance Company has become subrogated by operation

of the law of Florida. All the decisions of Federal District Courts upon this question to date have been cited to the court for its consideration. The court has reviewed these cases. Some of them have sustained the government's contention, others have decided otherwise. The court is of the opinion that the cases holding against the government's contention on this issue correctly state the law. No useful purpose would be served by the court in setting out fully its reason for this holding. The reasons are well stated by District Judge Atwell, in Bewick v. United States, D.C., 74 F.Supp. 730 and by District Judge Duffy, in Wojciuk et al. v. United States, etc., D.C., 74 F.Supp. 914, and are adopted by this court as its reasons for overruling the contentions of defendant made under this defense. The Thirteenth Defense will be stricken.

The Fourteenth Defense alleges that plaintiff under its contract with Escambia County was only obligated to make repairs, renewals and replacements which were occasioned by ordinary wear and tear and that as the damage in this case was of a different kind, it was damage to Escambia County, Florida, the lessor of the bridge, for which Escambia County acquired the right of action. The court has reviewed the contract under which the State Road Department took over the operations of this bridge and holds it is not subject to such narrow interpretation. Under the contract, which is a lease-purchase agreement, the State Road Department did not immediately acquire title to the bridge, but will acquire such title as soon as the bonds issued by Escambia County for the construction of the bridge are paid by the State Road Department. The obligation to pay these bonds is assumed by the State Road Department under its contract with Escambia County and it had complete possession and control of the bridge at the time it was damaged by defendant. The Fourteenth Defense will also be stricken.

The Fifteenth Defense hardly merits consideration by the court. It alleges in effect that plaintiff was not obligated to make repairs to the bridge as the damage was caused by an act of God. Under the contract between plaintiff and Escambia County the obligation to make repairs clearly rested upon plaintiff, even including damage to the bridge caused by an act of God.

An Order will be entered in this case in conformity with the Court's rulings upon the motion to strike certain language in the Seventh, Eighth, Ninth and Tenth Defenses of defendant's Answer made at the time of argument thereon, and in accordance with this Memorandum Decision as to plaintiff's motion to strike the Eleventh, Twelfth, Thirteenth, Fourteenth and Fifteenth Defenses.

The Answer also includes a Motion to Dismiss this cause of action. The court having sustained the right of plaintiff to maintain this action in its present form against defendant, the Motion to Dismiss will also be denied.