**OLD COLONY INS. CO. v. UNITED STATES.**

No. 10598.

Circuit Court of Appeals, Sixth Circuit.

June 2, 1948.

Philip C. Ebeling, of Dayton, Ohio (Philip C. Ebeling and J. Paul Brenton, both of Dayton, Ohio, of counsel; Pickrel, Schaeffer & Ebeling, of Dayton, Ohio, on the brief), for appellant.

M. M. Hauser, of Washington, D. C. (Ray J. O'Donnell and William J. Dammarell, both of Cincinnati, Ohio, on the brief), for appellee.

Before HICKS, SIMONS and McALLISTER, Circuit Judges.

HICKS, Circuit Judge.

This suit was brought under § 410(a) of the Federal Tort Claims Act, 28 U.S.C.A. § 931(a). Stripping the complaint of matter not here material, it alleges that an automobile owned by James R. Elliott was parked on U. S. Route No. 35 in West Alexandria, Ohio, and was run into by a United States Army truck operated by Pfc. Lawrence L. Clark of Squadron A, AAF, Wright Field, Ohio, while acting in line of duty for the 4000th AAF BU, Wright Field, Ohio; that as a result of the collision the automobile was damaged to the extent of $328.78; that plaintiff carried an insurance policy on the automobile in the name of Elliott covering collisions and that in accordance with the terms of the policy and on account of the collision and damage to the automobile, plaintiff paid for and on behalf of Elliott the amount of the damage, and by reason of the payment the plaintiff became subrogated to the rights of Elliott to the extent of the payment, and that Elliott assigned his claim to plaintiff in the amount of the sum so paid; that plaintiff being damaged in said amount demands judgment against the defendant the United States of America, therefor.

The defendant moved to dismiss on the grounds, (1) that the Federal Tort Claims Act does not authorize the maintenance of suits upon derivative claims; and (2) that the Anti-assignment statute, 31 U.S.C.A. § 203, forbids plaintiff's action.

The court sustained the motion and dismissed the suit. The plaintiff appealed. The parties will be referred to herein as plaintiff and defendant.

Sec. 410(a) of the Federal Tort Claims Act reads as follows:

"(a) Subject to the provisions of this title, the United States district court for the district wherein the plaintiff is resident or wherein the act or omission complained of occurred, including the United States District courts for the Territories and possessions of the United States, sitting without a jury, shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only, accruing on and after January 1, 1945, *on account of damage to or loss of property* or *on account of personal injury or death caused* by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the *claimant* for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred. *Subject to the provisions of this title, the United States shall be liable in respect of such claims, to the same claimants, in the same manner, and to the same extent, as a private individual under like circumstances,* except that the United States shall not be liable for interest prior to judgment, or for punitive damages:  *  *  *" (Italics ours.)

■ There is nothing ambiguous in the quoted section of the Act. The language used is plain, its meaning is certain and easily understood. There is no room for construction and the contention that because defendant has consented to be sued, the statute must be strictly construed in its favor, is without basis. See Employers' Fire Ins. Co., et al. v. U.S., 9 Cir., 167 F.2d 655. The word "claimant" simply means one who under the Act has a claim against the United States. The phrase "on any claim against the United States, for money only, * * * on account of damage to or loss of property * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" means just what it says. The Act does not limit the meaning of the word "claimant" to one who has sustained damage to his property and we are not justified in reading such limitation into it. See Wojciuk v. United States, D. C., 74 F. Supp. 914. To do so would be tantamount to amendment by us of the statute, a function which of course is not ours. As was said by District Judge Medina in Niagara Fire Ins. Co., et al. v. United States, D. C., S.D., 76 F.Supp. 850, 854—"* * * there is every reason to suppose that this particular statute was the result of the most skillful and deliberate draftsmanship and that in its final form it was the culmination of years of patient effort." If Congress had intended to exclude subrogees from the benefits of the Act it could readily have included them in the list of the twelve specified exemptions.

■ On the motion to dismiss the complaint must be taken as true and our question is, whether plaintiff, the claimant, has stated a cause of action, which, if substantiated by evidence, would entitle it to recover under the law of Ohio, where the collision occurred. Ohio Law answers the question in the affirmative and justly so. The averments of the complaint are, that the plaintiff performed its contract with Elliott by paying on his behalf the damages to his car inflicted by the negligent act of defendant's employee in running its truck into the car. It is manifest that the payment did not discharge defendant of its lia-bility, if any existed. Simply stated, the plaintiff, under the laws of Ohio, became subrogated to the rights of Elliott against the defendant. In Newcomb v. Cincinnati Insurance Co., 22 Ohio St. 382, 385, 10 Am.Rep. 746, the Supreme Court of Ohio said:

"The defendant in error founds its claim on the doctrine of subrogation. This may be stated as follows: Where a loss, covered by insurance, is occasioned by a wrongdoer, the underwriter, after reimbursement of in specie, or making compensation in money, is, in a proper case, entitled to be subrogated, quoad hoc, to the right of the assured against the wrongdoer. This is of the highest equity; for whereas the loss is, in the first instance, that of the assured, after reimbursement or compensation, it becomes the loss of the insurer.

"The plaintiffs in error insist that the doctrine, if ever recognized has been doubted by modern decisions. We do not so think. It was fully recognized by Lord Hardwick in the early case of Randal v. Cockran, 1 Ves.Sr. 98, with which the American cases are in nearly universal accord." See also Massachusetts Bonding & Insurance Co. v. Dingle-Clark Co., 142 Ohio St. 346, 351, 52 N.E.2d 340; St. Louis, Iron Mountain & Sou. R. Co. v. Commercial Union Ins. Co., 139 U.S. 223, 235, 11 S.Ct. 554, 35 L.Ed. 154; Travelers' Ins. Co. v. Great Lakes Eng'r W. Co., 6 Cir., 184 F. 426, 430, 36 L.R.A., N.S. 60.

■ The doctrine of subrogation as applicable here is simply this: That the plaintiff having discharged its obligation under the contract of insurance, became subrogated to all the rights of Elliott against defendant which grew out of the collision. The doctrine is enforced for the purpose of accomplishing substantial justice. Memphis & L. Railroad Co. v. Dow, 120 U.S. 287, 301, 7 S.Ct. 482, 30 L.Ed. 595. This does not mean of course that the plaintiff is entitled to recover as a matter of law upon the averments of its complaint, but it does mean that the district court has "jurisdiction to hear, determine [and render judgment"] on its claim. However, its claim rises no higher than that of Elliott if he had sought to enforce it himself; and it could only be enforced upon evidence that

the collision and incidental damage was caused by the negligence, wrongful act or omission of the employee of the defendant. Its right does not depend upon the assignment averred in the complaint. The law confers that right, and the suit was brought by the real party in interest. Rule 17, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Appellee in its brief does not undertake to sustain the second ground of its motion to dismiss, to wit, that the Anti-assignment statute forbids the action. The Anti-assignment Act has no application. See Martin v. National Sur. Co., 300 U.S. 588, 57 S.Ct. 531, 81 L.Ed. 822; Goodman v. Niblack, 102 U.S. 556, 26 L.Ed. 229; Hill v. United States, D.C., 74 F.Supp. 129.

The judgment is reversed, the order of dismissal set aside and the case remanded for further proceedings not inconsistent herewith.