## PERRY v. UNITED STATES.

### No. 10632.

United States Court of Appeals
Sixth Circuit.

Nov. 22, 1948.

Taylor & Taylor, of Memphis, Tenn., and E. T. Palmer, of Dyersburg, Tenn., for appellant.

Wm. McClanahan and John Brown, both of Memphis, Tenn., for appellee.

Before HICKS, Chief Judge, MARTIN and McALLISTER, Circuit Judges.

HICKS, Chief Judge.

This suit was brought on July 21, 1947, against United States of America, under Sec. 410(a) of the Federal Tort Claims Act, 28 U.S.C.A. § 931(a).[1]

The parties will be styled as plaintiff and defendant as they appeared in the court below. The plaintiff, Loretta Ann Perry, a minor under fifteen years of age, sued by her father as next friend. Omitting immaterial matters, the complaint alleged: that on the 19th day of April 1943, the plaintiff started across Highway No. 51 in the edge of Halls in Lauderdale County, Tenn., when a military policeman, belonging to the Armed Forces of the United States and riding a motorcycle in a dangerous and reckless manner, ran it against, and injured her; and that the motorcycle was a part of the equipment furnished by defendant and was being used by said military policeman while on duty.

The defendant moved to dismiss upon three grounds. The third ground was that the Act under which the complaint was brought applies only to causes of action arising since January 1, 1945. The court sustained the motion, hence this appeal.

We think that the court was right. The Federal Tort Claims Act was passed on August 2, 1946. U.S.C.A. Title 28, Ch. 20, § 921 et seq.[2] Prior to its passage the district court had no jurisdiction over claims against the United States for torts. But Sec. 931(a) provided, among other things, that the district court for the district wherein the plaintiff is resident, or wherein the act complained of occurred, "shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only, *accruing on and after January 1, 1945,* on account of damage to or loss of property or *on account of personal injury* or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred." (Italics ours.)

As we stated in Old Colony Insurance Co. v. United States, 6 Cir., 168 F.2d 931, 933, there is nothing ambiguous in Sec. 931(a). By its terms the court was given jurisdiction to hear and determine claims against the United States for personal injury accruing *only* after January 1, 1945, and the specific averment of the complaint is that plaintiff was injured on the 19th day of April 1943. In an effort to avoid this plain obstacle, plaintiff points out that under sub-section 20 of Sec. 41, Title 28 U.S.C.A.[3] it is provided that, "the claims * * * of persons under the age of twenty-one years, first accrued during minority, * * * shall not be barred if the suit be brought within three years after the disability has ceased * * *." Her contention is, that because she was a minor under fifteen years of age at the time her suit was brought, the statute of limitations quoted continued the *accrual* of her cause of action until after January 1, 1945, and that her case was therefore timely brought. This contention is wholly fanciful and without basis either in law or fact.

On the motion to dismiss, it must be taken as true that her right of action, if any she

[1] 1948 Judicial Code, 28 U.S.C.A. § 1346.

[2] 1948 Judicial Code, 28 U.S.C.A. §§ 1291, 1346, 1402, 1504, 2110, 2401, 2402, 2411, 2412, 2671–2680.

[3] 1948 Judicial Code, 28 U.S.C.A. § 2401.

had, was against the military policeman alone, for wrongfully striking her with the motorcycle on April 19, 1943. We must conclude that his wrongful act terminated on that occasion and that the United States of America had no connection with it either directly or indirectly. The complaint contains no allegation that any part of the policeman's unlawful conduct continued into the future, or, to be more specific, to or beyond January 1, 1945, the date upon which the defendant might become liable. The above quoted statute of limitations avails the plaintiff nothing. Simply stated, it provides that a minor who has a claim first accrued during minority may bring suit upon it within three years after she has reached her majority. It does not serve, either by itself or in connection with the Federal Tort Claims Act, to give the district court jurisdiction to hear and determine a claim against defendant for a cause of action which, as against it, never existed.

Our conclusion is further supported by the fact that the Act which was passed on August 2, 1946, was made applicable to claims accruing on or after January 1, 1945, —or more than eighteen months prior to its passage. That date clearly fixes the limit of retroactivity.

Affirmed.