## STATE FARM MUT. LIABILITY INS. CO. v. UNITED STATES.

### No. 4371.

United States Court of Appeals
First Circuit.

Feb. 1, 1949.

Eli Fleishman, of Boston, Mass. (Herbert S. Avery and Avery, Dooley, Post & Carroll, all of Boston, Mass., on the brief), for appellant.

Alvin O. West, Atty., Department of Justice, of Washington, D. C. (H. G. Morison, Asst. Atty. Gen., and William T. McCarthy, U. S. Atty., and Edward D. Hassan, Asst. U. S. Atty., both of Boston, Mass., and Paul A. Sweeney, Atty., De-

**738**

partment of Justice, of Washington, D. C., on the brief), for appellee.

Before MAGRUDER, Chief Judge, WOODBURY, Circuit Judge, and PETERS, District Judge.

MAGRUDER, Chief Judge.

Morris Gray and State Farm Mutual Liability Insurance Company, on August 19, 1947, filed a complaint in the court below against the United States under the Federal Tort Claims Act, as amended, 60 Stat. 842, 61 Stat. 722, 28 U.S.C.A. § 921 et seq. It was alleged that on May 5, 1946, Gray, while operating his automobile on a public street in Cambridge, Massachusetts, suffered a collision due to the negligence of the driver of a Navy ambulance, an employee of the United States Government acting within the scope of his employment; that as a result Gray suffered personal injuries, and his car was damaged in the sum of $710.60. It was further alleged that Gray's car was covered by a policy of collision insurance issued by the coplaintiff State Farm Mutual Liability Insurance Company; that under the terms of the policy the insurance company paid Gray the sum of $485 on account of the damages to the car, as a result of which the plaintiff insurance company "became subrogated to the right of Morris Gray to collect that amount and hereby asserts his claim for said $485, being the amount paid to said Morris Gray under its policy on account of said damages to his automobile caused by said accident. For balance of said $710.60, namely $225.60, the plaintiff, Morris Gray, claims recompense from the defendant together with a reasonable allowance for the personal injuries sustained by the plaintiff, Morris Gray as the result of said accident."

The United States filed its answer to the complaint, as respects to plaintiff Gray, denying liability and setting up various defenses. As respects the plaintiff insurance company, the United States filed a motion to dismiss on the ground that the Federal Tort Claims Act "does not expressly grant consent to suit by the subrogee of a claimant and that consent of the United States of America to be sued, being a relinquishment of sovereign immunity, must

be strictly interpreted." The district court granted the motion to dismiss, and on May 7, 1948, entered its order dismissing the complaint as to the plaintiff insurance company. The present appeal by the insurance company seeks a reversal of that order. We think that the motion to dismiss should not have been granted.

Extended discussion would be superfluous in view of the numerous recent decisions in other circuits adverse to contentions of the Government for a narrow interpretation of the Federal Tort Claims Act. Employers' Fire Ins. Co. v. United States, 9 Cir., 1948, 167 F.2d 655; Old Colony Ins. Co. v. United States, 6 Cir., 1948, 168 F.2d 931; Aetna Casualty & Surety Co. v. United States, 2 Cir., 1948, 170 F.2d 469; Yorkshire Ins. Co. v. United States, 3 Cir., 1948, 171 F.2d 374; United States v. Chicago, Rock Island & Pacific Ry. Co., 10 Cir., 1948, 171 F.2d 377; United States v. South Carolina State Highway Department, 4 Cir., 1948, 171 F.2d 893.

By the enactment of the Federal Tort Claims Act, 28 U.S.C.A. § 931 [now § 1346], the United States consented to be sued for tort claims "on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death, in accordance with the law of the place where the act or omission occurred." One of the principal purposes of the Federal Tort Claims Act was to relieve Congress of the burdensome consideration of private bills, and it is a fact that prior to the passage of the Act, Congress had by private bills given relief to insurer-subrogees as well as to private individuals suffering damage from tortious acts of Government employees. See discussion by Judge Medina in Niagara Fire Ins. Co. v. United States, D.C.S.D.N.Y. 1948, 76 F.Supp. 850. "Bills to reimburse insurance companies for losses sustained as the result of torts of federal employees have just as much merit and cause just as much trouble to Congress as bills

to reimburse the party originally injured; and there was just as much reason to give the courts the power to pass upon one class of claims as upon the other." United States v. South Carolina State Highway Department, 4 Cir., 1948, 171 F.2d 893. In Wojciuk v. United States, D.C.E.D.Wis. 1947, 74 F.Supp. 914, 916, the court rightly remarked that it would be "a strained and unwarranted interpretation of the intention of Congress to say it planned to give the district courts jurisdiction of cases brought by claimants originally suffering loss, but to reserve to itself the consideration of the claims of those standing in the shoes of original claimants by operation of law." Referring to the language of the Federal Tort Claims Act, above quoted, the court, in Employers' Fire Ins. Co. v. United States, 9 Cir., 1948, 167 F.2d 655, 656, made the following comment: "The words of the Act indicate a clear and sweeping waiver of immunity. Appellant subrogees are claimants whose claims exist 'on account of' damage to property. There is nothing in the phrase 'on account of' to support the government's contention that Congress intended the word 'claimant' as used in the statute to refer only to one originally sustaining the loss or injury. The same phrase was utilized in the Small Tort Claims Act, 31 U.S.C.A. § 215, under which subrogees' claims were consistently approved by Congress." And see 36 Ops. Atty. Gen. 553.

■ In view of the universally recognized equitable principle of subrogation, an insurance company, having paid the whole loss, is the real party in interest within the meaning of Rule 17(a), Federal Rules of Civil Procedure, 28 U.S.C.A. Old Colony Ins. Co. v. United States, 6 Cir., 1948, 168 F.2d 931; Aetna Casualty & Surety Co. v. United States, 2 Cir., 1948, 170 F.2d 469. (Under § 411, 28 U.S.C.A. § 932 [see revised section 1346], the Federal Rules of Civil Procedure were made applicable to suits under the Federal Tort Claims Act.) In the case at bar, appellant is only a partial subrogee, which may involve a problem of splitting causes of action. We think that a partial subrogee is a real party in interest, under Rule 17(a), and as such has standing to sue in his own name, subject only to the right of the defendant, by making timely objection, to insist upon the joinder of the other parties in interest in order to avoid a split-up of the cause of action. Yorkshire Ins. Co. v. United States, 3 Cir., 1948, 171 F.2d 374; Moore's Federal Practice, § 17.08.* The United States was not put to the necessity of insisting upon such joinder in the present case, because the partial subrogee and the insured on their own initiative joined in a single complaint which brought all the parties in interest before the court below. We can see no possible objection to this procedure.

Possible prejudice to the United States in the assertion of a counterclaim against the original tortfeasee has been suggested by the Government as a reason for a narrow interpretation of the Federal Tort Claims Act so as to exclude recognition of a subrogee as a claimant thereunder. The argument was deemed unpersuasive, and we think rightly so, in Aetna Casualty & Surety Co. v. United States, supra, and in United States v. South Carolina State Highway Department, supra. In the case at bar the objection is particularly weak, first, because the United States has asserted no counterclaim against Gray, and, secondly, because, if the United States had a counterclaim against Gray, it could be asserted against him as a party to the complaint.

■ Nor is the anti-assignment statute, R.S. § 3477, 31 U.S.C.A. § 203, any bar to

---

* On appeal, the Government, while agreeing with the result reached by the district court, concedes that the judgment of dismissal as to the subrogee should not have been put upon the ground that the Massachusetts law gave a subrogee no right to sue the tortfeasor in its own name. In its brief it states that, "while the question of whether an actionable wrong has occurred is controlled by state law, the question as to whose name the action must be filed in is procedural and must be determined by federal law", and further that, "the issue here as to whether an insurance company which had only partially indemnified the original claimant for his loss is entitled to maintain an action in its own name as joint plaintiff with the original claimant is to be determined by reference to Rule 17 (a) of the Federal Rules of Civil Procedure."

the recognition of an insurer-subrogee as a claimant under the Federal Tort Claims Act. That statute "has reference to voluntary transfers or assignments of claims against the United States, not to transfers by operation of law or to equitable subrogation." United States v. South Carolina State Highway Department, supra. Accord: Aetna Casualty & Surety Co. v. United States, supra; Employers' Fire Ins. Co. v. United States, supra, 167 F.2d at page 657; Old Colony Ins. Co. v. United States, supra, 168 F.2d at page 934. Contra: United States v. Hill, 5 Cir., 1948, 171 F.2d 404.

The order of the District Court is reversed, and the case is remanded to the District Court for further proceedings not inconsistent with this opinion.