Motorists Mutual Ins. Co. *v.* Jones, d. b. a., et al.

[Cite as Motorists Mutual Ins. Co. v. Jones, 9 Ohio Misc. 113.]

(No. 42004. Decided November 12, 1966.)

Common Pleas Court of Lake County.

*Messrs. Petrancek, Sonkin & Mesrobian,* by *Mr. Richard C. Mesrobian,* for plaintiff, Motorists Mutual Insurance Company.

*Messrs. Merkel, Campbell, Dill & Zetzer,* by *Mr. David J. Cook, Mr. Wayne R. Milburn* and *Mrs. Lillian L. Robinson,* for defendants.

Simmons, J. Plaintiff insurance company is suing a general contractor, Jones, and an artisan to recover on a subrogated fire claim, alleging negligence against both. In addition to a general denial of the claims in the petition, defendants present a special defense in which they claim that plaintiff's insured, Mr. and Mrs. Walker, expressly waived any claim for damages from fire, whether negligently caused or not.

By agreement among counsel and the court, a jury was waived, evidence heard and briefs submitted on this defense. If the court finds it supported by the evidence and the law, judgment is to be entered for defendants. If not, the defense will be dismissed and the case assigned for jury trial next term.

The claim of waiver depends on language in a written construction contract between Jones and the Walkers. It is a form contract issued by the American Institute of Architects, selected and filled in by the contractor.

Article No. 15 provides that the owner shall maintain fire insurance on the building and other items on the site for the protection of himself, the general contractor and subtrades. It then says, and this is the crux of the defense:

"The owner, contractor and all subcontractors waive all rights, each against the others, for damages caused by fire or other perils covered by insurance provided for under the terms of this contract, except such rights as they may have to the proceeds of insurance held by the owner as trustee."

An earlier article in the contract charged Jones with the duty to adequately protect the "work" and with responsibility for "any damage or injury due to his act or neglect." (Article 6.) Another required him to maintain liability insurance to protect him from "claims for damages to property" arising during construction. (Article 13.)

A fire occurred during construction resulting in extensive damage to the building. Plaintiff paid its insured $6,561.00 and now seeks recovery of its money.

Against this factual back-drop the question is posed whether Article 15 exempts defendants from the consequences of their negligence, if any. If it does as to the Walkers it does as to plaintiff because the rights of a subrogee are no greater than those of a subrogor. *Old Colony Insurance Company* v. *U. S.*, 168 F. 2d 931.

Defendants say it does and cite the cases of *Mansfield Mutual Insurance Company* v. *Cleveland, C., C. & St. L. R. R.*, 74 Ohio St. 30, and the *U. S. Fire Insurance Company* v. *Phil-Mar Corporation*, 166 Ohio St. 85. The former involved a lease which exempted a railway company lessor from any liability for fire caused by its negligence. The court enforced the clause holding it not contrary to public policy. The latter case involved a lease which provided that the lessee would return the premises in good condition, "excepting loss by fire." The court construed this as an exemption of the lessee's liability for fire damage caused by its negligence.

Plaintiff contends that no waiver was effected. But apart from pointing to the inconsistencies of the three contract articles, it offers the court little help in analyzing and answering the question.

And yet, this court believes there was no waiver of liability for negligence and that the plaintiff should prevail. The *Mans-*

*field Mutual* and *Phil-Mar* cases are distinguishable. Their distinguishing characteristics are seen in the context of the general rules which apply to this subject.

Generally, a contractual provision which exempts a party from liability for his negligence will be enforced when: 1. The contracting parties stand in roughly equal bargaining positions, or 2. When the positions are somewhat unequal but the inferior party is given an option of excluding the exemption for additional consideration. (He may purchase insurance as substitute protection.) 3. In such cases the exempting clause will be strictly construed against the party relying on it. *Dingledy Lumber Company* v. *Erie Railway Company*, 102 Ohio St. 236; 175 A. L. R. Section 5, et seq., page 16 et seq.; 38 American Jurisprudence, Negligence, Section 8.

Here the parties are in roughly equal bargaining positions. There was no evident or latent compulsion on either to contract with the other. While the contractor was more familiar with this contract form, what it said and what it meant, than the owner, such fact bears on the construction of the language, not whether public policy intervenes. No public policy barred these parties from contracting liability away, if it was their intention.

But exemption clauses are not favored at law and should not be enforced beyond that which their strict construction requires. *Dingledy Lumber Company* v. *Erie Railway Company (supra)*; *Boll* v. *Sharp and Dohme, Inc.*, 121 N. Y. S. 2d 20; *Crey* v. *Bradstreet Company*, 133 Pa. 161; 19 A 500.

What does this mean? As a practical matter it means that an exemption should not be allowed unless the language of the contract is so clear and understandable that an ordinarily prudent and knowledgeable party of the same class of persons as this party will know that he was contracting away all right to hold the other party liable for negligence.

Where doubt exists as to the meaning of such a clause a court should resolve it against the contention that the contract was intended to relieve one party from the consequences of its negligence. Every presumption should be against such intention. *Mitchell* v. *Southern Railway Company*, 124 Ky. 146; *Mynard* v. *Syracuse Railway Company*, 71 N. Y. 180; 27 Am. Rep. 28.

Can it be reasonably believed that the Walkers intended to

contract away defendants' liability for negligence and with it the subrogation rights of the insurer which they were required by contract to secure? Not by the language employed! Particularly not when earlier in the contract the responsibility of the contractor for its negligence is emphasized.

Unless the intent to exempt is clear and unequivocal from the specific terms used ("A" shall not be liable for its negligence); or it is clear from the general terms of the entire contract considered in the light of what an ordinarily prudent and knowledgeable party of the same class would understand, such contract will be construed to deny the exemption.

Giving the phrase in Article 15 strict construction, I believe it means two things: 1. That the owner, contractor or subcontractors waive all rights against each other for damages for a breach of contract resulting from a fire, and 2. That damages recoverable for negligence are limited by the extent of the insurance proceeds.

The cases cited by defendants allowed an exemption of liability because, the court declares, the party against whom the exemption bore must have intended it. In the *Mansfield Mutual Insurance case* the intention is clearly expressed in the specific terms used. In the *Phil-Mar case* the court finds the intention expressed from the four corners of the contract and, I suggest, because both contracting parties were corporations with, presumably, sophisticated understanding of contract language.

In these cases it is clear from a consideration of the language in the contracts that the parties knew and intended that an exemption was involved. This court cannot arrive at a similar decision on these facts and holds to the contrary.

Counsel for plaintiff shall prepare a journal entry in accordance with this opinion and submit it to opposing counsel and the court for approval.